IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR. ) | |
| #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-863-WKW |
| ) | |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On September 27, 2006, Richard Wayne Wright, Sr. ["Wright"], a state inmate, filed a complaint under 42 U.S.C. § 1983 in which he presents a rambling dissertation with respect to actions which have occurred during his confinement since March of 2005. Wright asserts disjointed and unrelated claims relating to medical treatment, the practice of his religion, disciplinary actions, classification decisions, retaliation, the denial of parole and general conditions in the state prison system. This type of pleading fails to comply with the pleading requirements contained in the Federal Rules of Civil Procedure as it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). "[D]istrict Courts confronted by such complaints have the inherent

authority to demand repleader sua sponte. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)." *Magluta*, 256 F.3d at 1284 n.3. In light of the foregoing, the court concludes that Wright must file an amended complaint in this cause of action. Accordingly, it is

ORDERED that on or before October 11, 2006 the plaintiff shall file an amended complaint which:

1. Limits his claims to alleged constitutional violations arising from facts and circumstances related to his medical treatment.

2. Presents *specifi*c facts in support of the claims raised in the amended complaint.

3. Separately lists each defendant and describes how such defendant acted in violation of his right to adequate medical treatment.

4. States the precise relief he seeks from this court.

5. File separate § 1983 complaints challenging any other actions he believes violated his constitutional rights. In so doing, the plaintiff shall limit the claims presented in each separate complaint to actions which arise from similar facts and circumstances.

The plaintiff is advised that this case will proceed only on those claims presented in the amended complaint and against the individuals named in the amended complaint. The plaintiff is *cautioned* that failure to comply with the directives of this order will result in the

dismissal of this case.

Done this 28th day of September, 2006.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE