IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., #187140, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RICHARD ALLEN, et al., )<br>)<br>Defendants. ) | CIVIL ACTION NO. 2:06-CV-863-WKW<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Richard Wayne Wright, Sr. ["Wright"], a state inmate, presents a myriad of disjointed claims against numerous defendants with respect to actions which have occurred since March of 2005. In his complaint, Wright requests issuance of an injunction, *Plaintiff's Complaint* at 4, which the court construes as a motion a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*.

Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

**DISCUSSION**

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Wright must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Wright outweighs the harm to the non-

moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

Wright fails to establish a substantial likelihood of success on the merits or that he will suffer irreparable harm absent issuance of a preliminary injunction. He also fails to demonstrate that upon balancing the equities of the parties issuance of an injunction would be in the public interest. The pleadings before the court therefore fail to establish that Wright meets each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on September 27, 2006

be DENIED.

    2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before October 12, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 28th day of September, 2006.

                                                   /s/Charles S. Coody
                                                CHARLES S. COODY
                                                CHIEF UNITED STATES MAGISTRATE JUDGE