IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT FOR ALABAMA,
NOTHERN DIVISION

RICHARD WAYNE WRIGHT, SR. BEY, ET.AL.,       *
    Plaintiff, Pro-Se.,                      *
    A.I.S. #187140,                          *
                    *
      -VS-                                   *   CASE CIVIL ACTION NO.
                    *   2:06-CV-863-WKW-WO
DEFENDANTS IN THEIR INDIVIDUAL               *   TO BE SUPPLIED, BY
AND OFFICIAL CAPACITY ARE AS                 *     THE CLERK
      FOLLOWING.                             *
                    *

MR. BOB RILEY (GOVERNOR)
GOVERNOR OFFICE
600 DEXTER AVE. RM N-104
MONTGOMERY, ALABAMA 36130

MS. LINDA BROWN
NURSE MANAGER OF HEALTH SERVICES OF A.D.O.C.
ALABAMA DEPARTMENT OF CORRECTION
301 SOUTH UNION STREET
POST OFFICE BOX 301501
MONTGOMERY, ALABAMA 36130

MR. RICHARD ALLEN (PRISON COMMSSIONER)
COMMSSIONER OFFICE
600 DEXTER AVENUE
POST OFFICE BOX 301501
MONTGOMERY, ALABAMA 36130

DR. TAHIR SIDDIQ (M.D.)
MR. STEVE WALKER (CHAPLAIN CORDINATOR)
BULLOCK CORRECTIONAL FACILITY
POST OFFICE BOX 5107
UNION SPRING, ALABAMA 36089

PRISON HEALTH SERVICE, INC.
PRISON HEALTH SERVICE, INSURER
WARDEN J.C. GILES (WARDEN III) (M)
WARDEN DARRELL PARKER (WARDEN II) (M)
CAPTAIN LARRY MONK (COS.II) (M)
LT. MARY TAYLOR (COS.I) (F)
LT. SHARON HOLLAND (COS.I) (F)
LT. EDWARDS (COS.I) (M)
SGT. DOROTHY FLOWERS (CO.II) (F)
SGT. CAMELLA CARGLE (CO.II) (F)
SGT. MICHEAL SMITH (CO.II) (M)
SGT. CAROLYN LONGMIRE (CO.II.) (F)
MR. MARK BRUTON (CLASSIFICATION) (M)
MS. R. PITTMAN (CLASSIFICATION) (F)
CHIEF STEWARD LIVINGSTON (F)
OFC. A. PATTERNSON (CO.I) (M)
OFC. KENNETH CARGLE (CO.I) (M)
OFC. DAVID BULLOCK (CO.I) (M)



Amended Complaint

```
OFC. DAVID PULLOM (CO.I)(M)
OFC. LEVY RICHARDSON (CO.I)(M)
OFC. TERRY PARSOM (CO.I.)(F)
OFC. G. RICHARDSON (CO.I) (F)
OFC. ALEXANDRA (CO.I) (F)
OFC. CAROLYN ABERCROMBIE (CO.I)(F)
OFC. ROOSEVELT BROWN (CO.I) (M)
SGT. SHERWIN CARTER (CO.II) (M)
CHAPLAIN DANIEL (DANNY) RIEBEN (M)
DR. SAMAUL RAYAPATI (M.D.)(M)
DR. BARNS (M.D.)(M)
MS. NETTIE BURKS (H.S.A.)(D.O.N.)(F)
NURSE YOUNG (R.N.)(F)
NURSE C.HUNTER (R.N.)(F)
NURSE A. MARSH (L.P.N.(F)
          ADDRESS
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON ALABAMA 36016
```

## MOTION TO AMEND COMPLAINT

### GROUND I

FREEDOM OF RELIGION

### ISSUES TO GROUND ONE (1)

Captain L. Monk (COS. I) made verbal threats to stop (our)  meeting period not only to deprive Plaintiff Wright Sr.Bey gathering with inmate population for religious service Moorish Science Temple of America (here after refered to as (M.S. T.of A)), but also against all active members of the Moorish science Temple of America (M.S. T.of A). The verbal encounter were made by captain Monk due to a verbal disagreement between two (2) members of the M.S.T.of A., had outside our meeting period. This threat to to stop our meeting  (M.S.T. of A.) of religious enlightment was sent to [our] congregation through and by the acting Grand Sheik of the M.S.T of A., HERE AT Ventress Correctional Facility (hereafter refered to as (V.C.F.)). The disaggreement between the M.S.T.of A., MEMBER'S were a personal dis-aggreement as mention in plaintiff initial complaint. Captain Monk approach of said threats was carried over into (our) month of fasting (Ramadan). Lt.

<u>Amended Complaint</u>

M. Taylor (COS.I) joined in this attack upon the members of the M.S.T.A and Lt. M. Taylor R.W.W. ~~Fail~~ Failed to uphold the memorandum and by doing so effected plaintiff Freedom of Religion practices. (See exhibit's Two (2) memorandum -- dated October 4, 2005 From Warden J.C. Giles (Warden III)], which were submitted with plaintiff Wright Sr. Bey initial Complaint. (See also exhibit one (1) memorandum). Exhibit one (1) were submitted by plaintiff Wright Sr. Bey with (his) initial Complaint-- dated September 14, 2005 From Chaplain Rieben concerning plans, details and requirements For Islamic Ramadan observance participants For 2005. Lt. Taylor Fail to ensure plaintiff Wright Sr. Bey and Islamic Ramadan participants receive double portion meals under the supervision of Sgt. M. Smith and/or Sgt. D. Flowers plaintiff Wright Sr. Bey and (other Islamic Ramadan observance partici- pant(s)) had less problems. Lt. M. Taylor (COS.I) 2nd Shift Supervisor) Placed temporary restraints on

Page 3 of 36

<u>Amend Complaint</u>

Plaintiff Wright Jr. Bey (along with other participants in observance of Ramadan) which consist of the Forbidding plaintiff Wright Jr. Bey to enter the sandwich line to purchase items to have after Sun Set. Due to Lt. M. Taylor Wrong Fully Forbiddance and unfairly interpretation of the (said) memorandum. (See Exhibit's One (1) paragraph Four (4)). These Control conditions were specifically designed by Lt. M. Taylor against plaintiff Wright Jr. Bey because of the Islamic observance of Ramadan, Chaplain D. Rieben Failed to get these matters Corrected. Chief Steward Livingston also designed the portion of the evening meal to be given to us which did not consist of the Full double portion to plaintiff and other Islamic participants to receive double portion meal's. Due to Chief Steward Livingston instructions left For the Kitchen stewards and the kitchen officers on Second 2nd shift and third 3rd shift and the amount of Food

<u>Amend Complaint</u>

given to them For administering
[us] double portion was not enough
For us all, So plaintiff could not
receive the double portion each
day (as well). Chief Steward
Livingston instructions carried
out by the Kitchen Steward's
and the Kitchen officers ex-
tended to the Forbidding in-
adequate time in the Kitchen to
eat our Food with the Space
available as mention in the original
initial complaint.

    Chaplain S. Walker has neglected
his duty as (Chaplain Coordinator) to
address Islamic Sects group (s) com-
plaints which Chaplain D. Riebens
Created. When plaintiff Wright Jr. Bey
join the Universal life Church (ULC)
organization and plaintiff preference
For religious status (as Holiness)
plaintiff Wright Jr. Bey did not
receive any problems, nor opposition
From any of [these] prison officials
under the Christian identity but
when plaintiff claimed (his) nationality
opposition arose. Now that plaintiff
Wright Jr. Bey has proclaimed [his]
Free national name and affiliated

<u>Amended Complaint</u>

With the Sacred body of the Moorish Science Temple of America and other Islamic Sects, Plaintiff Faces persecution and opposition. Then the Following week (November 4, 2005) Friday Chaplain Rieben step into our business / meeting again, I confronted Chaplain Rieben when he acted as a mufti by telling (him) he was totally out of place. Chaplain Rieben call Security, office G. Richardson was the First prison official to arrive and (she) escort me outside the Chapel. Shortly after Sgt. M. Smith Warden J.C. Giles, Officer Ward and ofc. Castell responded to the Called also. After plaintiff discussed [the] matter with officer G. Richardson, Sgt. M. Smith escorted (me) to the Shift office and again discussed the matter with Sgt. M. Smith Concerning Chaplain Rieben (See Exhibit Three (3) external memorandum to Chaplain Rieben and Warden J.C. Giles of Ventress Correctional Facility (V.C.F.) At the Shift office plaintiff ask Sgt. M Smith would (he) tell Warden Giles I would like to be put in Segregation

<u>Amended Complaint</u>

(Seg.) Protective Custody (P.C.), After Sgt. M. Smith instructed plaintiff to sit on the bench outside the shift office. Once Sgt. M. Smith return Sgt. M. Smith informed plaintiff of Warden J.C. Giles rejecting plaintiff request to be placed in protective Custody (here after referred to as (P.C.)) and directed plaintiff to go back to the dorm [I] were assigned too. Due to plaintiff Wright Sr. Bey affliation (Ramadan observance) they were written disciplinary infraction as well BRW by Sgt. Longmire and officer M. Holland. Warden J. C. Giles is well aware of the circumstances of the religious and ractals interferance [they] are causing the moslems of America (whom are also classiffed as the 'black' race) and also because of our B.W.W religious belief great prejudice are shown as described. Plaintiff is forced (along with the moors of America) to eat without time to chew his/their food properly and and space is a major factor as well (why) we are force to eat in such manner, This also

<u>Amended Complaint</u>

posses a problem tring to eat hot food. Chief steward 'Ms. Livingston' design is to get us out the kitchen as fast as these officials can. To get plaintiff out the kitchen along with the other Moors of America chief steward Levingston inappropriate remedies are as (such): served us food which has been left out of the warmers so food won't be hot (which slows us down in eating it), served just smaller portion of food see back of exhibit Thirteen (13)). Inmate J. Jones was written a disciplinary infraction by officer M. Holland Lt. S. Holland husband) allegedly accused of (for violating a Rule violation number Fifty-Three (#53)-Inciting to riot or rioting after inmate Jones spoke concerning the assault as stated concerning plaintiff in ground two (2) of the amend complaint and as mention in the initial Complaint plaintiff filed. plaintiff association with Sidney Clayton Bey (he) too was subjected to the intended aggreviated assault at the hands of Sgt. S.

<u>Amended Complaint</u>

Carter and Ofc. R. Brown
       Chaplain Ricben is now working
with defendant Bruton [as segre-
gation Board Committee members]
and has shown plaintiff Wright
Sr. Bey that [they] are willing
to support each other at all
(cost)(even when clearly erroneous).
(See Exhibit twenty-three(23))
"Richard if ordering from PMOD
money. Get the order from Resday
(?)) + an envirlope Resday (?))
Put the order Form a request
to me for the material + one
to Captain for the money off
books. I approve my request +
send to Captain Monk who approve
money off + he sends it to the
business office who envirlopes
a check + put letter in mail."
Captain Monk has decided that
I get no more religious material
from Moorish Science of America
Inc. (See Exhibit twenty-Four
(24) -- inmate Request slip Captian
dening my request -- dated 10
May 2006). The First request
Chaplain Ricben taking my prin-
ciple badge and tring to lead
plaintiff to believe Sgt. C

<u>Amended Complaint</u>

Cargle (C.O.I)(F) which had really nothing to do with the confiscated religious material is to blame. (See Exhibit Twenty-Five (25) Inmate Request Slip (which Captain Monk has on several occation decided to re-write plaintiff request slip) dated 4-12-06. Captain Monk wrote 'Religious Pins in Mail Room?" Why Captain Monk has decided to re write plaintiff request slips (is beyond me) and can only be explain 'plainly' to this Honorable Court by [Him]. Plaintiff ask this Honorable Court please excuse whatever was spilled on Exhibit twenty-six (26) which was done in the care of Chaplain Rieben not plaintiff and the only reason [I] did not re write for the Courts view is because it has Chaplain Rieben response on it, but plaintiff did rewrite the 1st letter -- date August 3, 2006 because Chaplain Rieben response was not on it. (See Exhibit Twenty-Seven(27)-- Plaintiff letter sent to Chaplain Rieben -- dated August 10, 2006

<u>Amended Complaint</u>

Noted as 2nd notice and Chaplain Rieben wrote -- "Received 8-11-06 (in blue ink) and See back of Page 2 (in red ink) which his written response was stated as I written earlier", and (See Exhibit Twenty-Eight (28)) plaintiff Wright Sr. Bey re-written letter which was submitted to chaplain Rieben dated August 3, 2006 Three (3) Pages Chaptain Monk decided again to re-write plaintiff original words into his words as Following (See section Briefly outline your request) -- How to donate money/procedure?" Captain Reply "you need to talk with Chaplain Rieben and get the procedure straight from him. He can explain it best --M Larry Monk (C.O.S. II). (See Exhibit Twenty-Nine (29) -- Inmate Request Slip re-written by Captain Monk) Plaintiff wrote Chaplain Rieben a request slip stating: "Chaplain I had the principle Badge prior approve yet after wards [I] was given the Islam Crest's pin(s) in its place I would like my principle Badge I order! Your re-

Page 11 of 36

<u>Amend Complaint</u>

response is requested : Chaplain Reply : he wrote at the top of the Request Slip P.S. For as I Know Every thing you order you receive or every... (see also the place for reply) Richard I Know nothing about this I did not do any thing about this I did not do any thing except approved & send mail to you through the mail room -- send some one to explain what you are saying. IF shift took your stuff, I will ask about it but that is between you & them Chaplain Rieben. Lt. Taylor and chaplain Rieben Put Sgt. C. Cargle in the midst of their games they play on plaintiff Lt. Taylor can not be excluded or discounted (as considered taking plaintiff pin(s)) because She took plaintiff clamps at will. Chaplain knew / Knows Perfectly well from our prior conversation about the principle Badge and what he told me about being patience plaintiff waited all that time and discovered Chaplain Rieben

<u>Amended Complaint</u>

and Lt. Taylor games to avoiding given plaintiff (his) religious material and now Captain refuse to allow plaintiff to order any more (see Exhibit Four (4); (4)(a) and (4)(b) also exhibit twenty-Four (24) and twenty Five (25)). These defendants have played with plaintiff life long enough and Continually put people as Sgt. C. Cargle in the midst of problems and situation they created as Lt. J. Dowling did with the many other officer [he] himself involve with (said) orders (See Exhibit Thirty-(30) Inmate request Slip -- dated 7/27/06) Plaintiff written chaplain Rieben an informal request Slip stating the following; Dear Chaplain Rieben I ask you about my religous material Saturday, 8th of April 06, as you came into open the Chapel for Jeho-Witness Service I have not heard from you Concerning those pins the Mail Clerk Sent me notice's For Neither have I heard From Warden Parker or

<u>Amended Complaint</u>

Captain Monk, I await your re-
sponse (see Exhibit Thirty-one
(31)) On the reverse side is chaplain
Rieben Response. Chaplain sent
plaintiff this when he was in
the infirmary as indicated --
Richard Wright Inf.#103. Chaplain
wrote " I Did not know about
this until you said something--
Saturday the mail room is not
open Sun & Mon amatt(?))
Tuesday I tried. I was tied
up with Islamic Service when
I wanted to do this you need
to learn patience. I have not
had ample opportunity since
Saturday Danny Rieben (see
Exhibit Thirty one (31)). I Did
order the pins through/by chap-
lain Rieben and Captain Monk
approval to Authorize money off
my prison account the invoice
shows this (see Exhibit Thirty-
two (32)) others who know of the
problems I faced with the
assault in November 23, 2005.
Threats in the visitation building
because I did not want to
take that Vaccine 'B' Hepatitis

<u>Amend Complaint</u>

Those who participated in Ramadan know as well, of the problems and difficulty from Lt. M. Taylor and on 2nd shift in the kitchen and getting to and from chapel during the month of Ramadan Some of these inmates receive disciplin aries also do to our association and affiliation in Religious Fellowship, (See Exhibit Thirty-Three (33)). Memorandum-- participants participating in Ramadan we did not violate any institutional rules or laws of this state we all peacefully assembled. Plaintiff wrote Captain Monk about the Mail Clerk and persons appointed to handle inmates Request slip dated 6 July 2006). I wrote Captain Monk also about the assault execruted upon plain- tiff Wright Jr. Bey on November 23, 2005 (See Exhibit Thirty- Five (35)). Plaintiff should be afforded (as all inmates are) at other prisons the freedom to practice (his) religious belief regardless of his race

Page 15 of 36

Amended Complaint

and / or Creed.

## Grounds II

Cruel And Unusual Punishment
And Assault And Battery In
Retaliation

## Issues In Support of Ground's II

As a result of plaintiff
Wright Sr. Bey Filing Cases
Richard Wayne Wright Sr. -vs-
James Deloach et. al Case
No. (99-D-1405-N); And Richard
Wayne Wright Sr. -vs- Sylvester
Nettles, et. al. Case No. (2:05
-CV-439-A-WO) As a part of
defendant J Dowling and
his assistants Sgt. S. Carter
(Co. II) and Sgt. C Longmire (Co. II)
designed to inflict further
Punishment and Coercion
through intimidation. Defendant
stated above allowed Five
(5) disciplinaries infractions
to be wrongfully and maliciously
applied here at Ventress (V.C.F.)
which is as following:

<u>Amended Complaint</u>

(1) Rule No Sixty-two (#62)
  Intentionally creating a
  Security, Safety and
  health hazard.

(2) Rule No. Fifty-Six (#56)
  Failing to obey a direct
  order of A.D.O.C. official

(3) Rule No. Fifty-Three (#53)
  Inciting to Riot or Rioting

(4) Rule No. twenty-nine
  (#29) Assault on person(s)
  Associated with ALDOC

(5) Rule No. Sixty-two
  (#62) Intentionally creating
  a Security, Safety and
  health hazard.


These Disciplinaries are and
were design in relaigation of
Said Cases also Richard Wayne
Wright Jr. -vs- James Deloach, et.
al. Case No. (99-D-1405-N); Richard
Wayne Wright Jr. -vs- Sylvester
Nettles, et. al, Case No. (2:05-cv-
439-A-WO) Richard Wayne Wright
Jr. -vs- Department of Correction
Classification Civil Action No.
99-D-338-N dismissed without
prejudice) Case No. 99-D-1405-N),

Page 17 of 36

Amended Complaint

Was dismissed after an evidentary
hearing which were scheduled for
October 2001 and plaintiff Wright
Jr. Bey was induce with esssesive
and serrere psychotropic medica-
tion to stop and prevent plaintiff
litigation process defendant(s) acomp-
lish [their] mission at that time
(as plaintiff Wright mention initial
Complaint), Officer Brenda Austin
at Bullock (B.C.F.) wrongfully accuse
plaintiff of violating institutional
rule No Thirty - Eight (# 38) In-
decent Exposure/Exhibition which
was meant to Cause plaintiff
Oppertunity to be selected for
parole (through and by retaliation),
Plaintiff did file Case Richard
Wayne Wright Jr. - vs - State of
Alabama (Appeal from Bullock
Circuit Court CCV-04-12.60)
Appeal No CR-03-0931 filed
in 2004 Plaintiff Secondly
filed Richard Wayne Wright Jr.
Gwendolyn Babers et. al. Case
Action No. CV-05-618-TMH,
Plaintiff faced attack by in-
mate Walton Solomon and in-
mate Samual Jones as mention in

<u>Amend Complaint</u>

Plaintiff initial Complaint. Sgt. Micheal Strickland punish plaintiff on or about June 2002 when plaintiff bang on the plexiglas in the dorm (19) to avoid Confrontation with inmate Galaway. Two (2) months later on or about August 15, 2002 Sgt. M. Strickland physically attack Plaintiff in the infirmary lobby Failed with other inmates) when plaintiff refuse to take psychotropic drugs. (See Exhibit Sixty-Four (# 64) Exhibit Sixty-Five (# 65) and Exhibit Sixty-Six (# 66).

On November 23, 2005 to stop and prevent plaintiff litigation process plaintiff Wright Was assaulted by Sgt. J. Carter and OFc. R. Brown in Ten (10) dorm lobby. OFc. L. Richardson placed hand cuffs on plaintiff after Sgt. J. Carter initiated the physical assault and OFc. L. Richardson stood back and Watch Sgt. J. Carter and OFc. R. Brown beat plaintiff. Plaintiff Wright Sr. Bey sent a

Amended Complaint

Written affidavit and mailed it to
Warden J.C. Giles and Mr. Richard
Allen prison Commissioner con-
cerning being put in protective cus-
tody but denied that as well
See Exhibit Sixty (60) and Sixty
one (61), three (3) pages dated
12 July 2006. Due to plaintiff
Filing a $1983 Complaint in
1999 in pursuit of protecting
plaintiff Civil rights he has
Faced retaliation which grows
ever so greater now. See
Exhibit Sixty-two (62)-- letter
Concerning the False informa-
tion inserted From and in the pro-
bation/parole officer report. Plain-
tiff Found out through the Class-
ification Specialish at Draper (D.C.F.)
He was accuse but plaintiff never
had any charges concerning plaintiff
~~Never had charge~~ R.W.W. raping his wife as
Parole and ~~bes~~ probation officer Stated
in ~~plun~~ R.W.W. F.B.I report See Exhibit
Sixty-three 63) F.B.I. report.
      Plaintiff was placed in Segre-
gation in March 2006, and accused
of Violating a Safety, Security
and health hazard. Plaintiff Food

Were tamper With to create paronia and plaintiff excessive weight lost which Warden J.C. Giles, (Warden III), Warden Giles assistant' Warden D. Parker (Warden II). Captain L. Monk (Cos. II) done nothing to prevent it. The officer Whom partaken in the assault plaintiff suffered at the hands of Sgt. Carter and Ofc R. Brown Ofc. L. Richardson and Sgt. C. Longmire could have and should have stop the attack executed by Sgt. S. Carter and R. Brown but did not. Corrective measure should be taken against said officers Sgt. C Longmire, Sgt. S. Carter, officer R Brown and officer L. Richardson (See Exhibit Sixteen (16) Inmate Richard Wayne Wright Sr. Time sheet) also (See Exhibit Sixty - three (63) F.B.I report).

After plaintiff were assaulted Same defendants were permitted to serve me food on several occation while plaintiff was wrongfully held in seg. this did create paronoia upon and within plaintiff body For [their] sole purpose to show plaintiff [they]

Amended Complaint

Can, Would and Will exercise
[their] power Wrongfully and
abusively at Will.

## Grounds III

Lack of Health Care Treatment
Deliberate Indifferent Racial
Discrimination Effecting
plaintiff Access To Court.

## Issues Concerning Grounds III

Ms. Linda Brown has been
Written on several occasion and
sent copies of complaints plain-
tiff sent Ms. N. Burks concerning
Ms. Burks willingness to direct
Nurse Young, Nurse C. Hunter,
Nurse A. Marsh to 'take' medica-
tion plaintiff has been given
after Dr. Barns prescibed it. Nurse
N. Burks has instructed on several
occations no medication be given
to plaintiff. On several occation
plaintiff has talk with sgt. C.
Longmire, sgt. C Cargle, sgt M.
Smith while out of segregation and

<u>Amended Complaint</u>

(While within) tring to get medical treatment of some sort, Lt. Taylor refuse to address plaintiff Complaint (medical) leaving the burden on Sgt C. Cargle and Sgt. M Smith. When the health care was properly informed and plaintiff were escorted to the infirmary (D.H.S.) staff members intentionally and deliberately neglected to properly treat plaintiff back injuries, Head aches, joints problems, vision difficulties ect. Nurse N. Burks have allowed nurse A. Marsh to alter doctor orders and sent plaintiff Alterated medication in Seg. Due to plaintiff past harrassment they faced from Lt. S. Holland Cos. I when plaintiff did contact Lt. S. Holland for medical treatment it came to no avail. Sgt. Gordon on the days Lt. Holland were out (on said jury duty) plaintiff did receive limited medical attention as prescribe by the nurse whom had been instructed by Nurse N. Burks on how to treat plaintiff medically See Exhibit Twelve (12) and Thirteen (13).

Nurse N. Burks (D.O.N) and (H.S.A)

Amended complaint

Functioning has conspired with Dr.
Rayapate (M.D.) to conceal medical
record and minimize plaintiff in
juries to Ihis back, ect which
occurred on November 23, 2005 and
prior to arriving at Ventress
(V.C.F.). After the Supervisory Staff
Warden J.C. Giles, Warden D. Parker
and Captain L. Monk were properly
informed of plaintiff difficulties
getting treatment and remaining
Safe from Further harm at the
hand of the prison officials men-
tion in grounds II. Captain L. Monk
has made it very difficult to
distinquish if Lt. M. Taylor or Sgt.
J. Carter, Sgt. C. Cargle, Sgt. C.
Longmire or Lt. J. Holland are the
proper prison officials designed
to handle such Complaint. Collectively
the Health Care Staff (P.H.S) em-
ployees conspiried with the prison
officials (to Substain their Jobs) in
order to cause plaintiff pain and
intimidate Ihim] by and through Seg.
which Lt. J. Dowling instructed
Nurse N. Burks and Nurse A Marsh
to give plaintiff medication Ihe]
was and is allergic to Aplisol T.B.
Skin test Soluffon) to justify

Page 24 of 36

<u>Amended Complaint</u>

another disciplinary on or about March 24, 2006 Warden J. C. Giles, Warden D. Parker, Captain L. Monk, Sgt D. Flowers Officer T. Person all approved of such design. Plaintiff never received any direct response from Mr. Bob Riley, Ms. Linda Brown or Mr. Richard Allen. Plaintiff wrote again Mr. R Allen and Mr. Warden J. C. Giles / designees through and by certified mail but ~~never~~ R.W.W. (neither) never responded to the complaint. Plaintiff has been intentionally placed around inmates with sickness that can contract by coming in physical contact with in segregation exercise yard, health care appointment, ect. It is evident if Plaintiff Wright was not placed in the class of 'Black' he would not be expose to this type of treatment if that was of the exceptable 'white' race. This stigma couple with plaintiff past filed law suits plaintiff has filed. Defendants would like to force plaintiff to take I.N.H and Hepatitis 'B' Vaccine and when plaintiff refuse to take the Vaccine defendants engage in act to intimidate plaintiff. Lt. ~~Wor~~ R.W.W. Dowling so far called me a pig. plain-

<u>Amended Complaint</u>

tiff only understanding of being classified as a 'pig' could be that of a guinea pig. Plaintiff must be protected by this Honorable Court to prevent Further medical and pharmaceutical testing For experimental or research purposes unknowingly or knowingly. November 21, 2005 was the First attempt to expose plaintiff to participate in medical or pharmaceutical testing For experimental purpose or research study. Due to other inmates rejection the same day (November 21, 2005) it save plaintiff From being assaulted by Sgt. J. Carter and Lt. J. Dowling that day. But two (2) days later no inmate was able to stop Sgt. J. Carter From assaulting plaintiff (See grounds two (II) and initial Complaint. Plaintiff was sent to bullock county hospital in union spring where Dr. T. Siddig await and minimized plaintiff back, legs, Face injuries. Officer A. Patternson Force plaintiff into and out of the transporting vehicle causing causing Further injury and pain on Plaintiff Lt. S. Holland did not make plaintiff pain and suffering and 'lighter' and

<u>Amended Complaint</u>

refuse to allow plaintiff into the Health Care treatment section or participate in treatment called. This acts and displayed actions were design to stop plaintiff ability to respond to the Court order's and answer defendants response to plaintiff claims. Warden J.C. Giles, Warden D. Parker, Captain L. Monk, Mr. M. Bruton and Ms. R Pittman are attempting to raise plaintiff custody to level Five (V) and transfer plaintiff to a prison where inmates are easier persuaded to take bribes to kill plaintiff (see Exhibit Eighteen (18) section titled reason). Plaintiff ~~has~~ inform these prison officials here at ventress (V.C.f) to ensure plaintiff safety but they will not. See Exhibit twenty-one (21) copy of Certified receipt cards served upon defendant J.C. Giles and/or designee and defendant Mr. R. Allen Defendants intended to conceal these incidents assault (on November 23, 2005) because plaintiff race, (see Exhibit Fifteen (15)) Mr. M. Bruton Malicious motives and instructions to Ms. R Pittman are

## Amended Complaint

Clear deeds of them wrongfully using their Authority. See Exhibit Eighteen (18); Exhibit Forty-Eight (48); Exhibit Forty-Six (46); Exhibit Forty Seven (47); Exhibit Forty-Nine (49); Exhibit Fifty (50); and Exhibit Fifty-two (52) and Exhibit Fifty-one (51).

Ms. Ross (Account Clerk) is being used to keep plaintiff from timely filing legal document which require records of plaintiff prison account for forma pauperis (See also initial Complaint).

Officer C. Abercrombie has been restrained thus far from plaintiff understanding in making available Administrative Regulation here after refered to as (Regs) of the A.D.O.C. here at Ventress (V.C.F.) of all (Regs.) with the exception of the Six (6) (Regs.) of the nine hundred (900) Series. Plaintiff remain in distress due to defendant N. Burks and associated defendants acts of blood test request results to be relayed to plaintiff) but defendants failed to inform plaintiff of the said blood test results

<u>Amended Complaint</u>

and x-rays. Prison Health Services (P.H.S.) and Mental Health Management (M.H.M.) Failure to perform the needed test plaintiff needs medically due to physical and mental deffcences and as with Dementia. According to an education post. Alabama Currently has 52,800 dementia victim and will have almost 110,600 victims by the year 2010. Such post education information states the life expectancy for a dementia victim is to six (6) to eight (8) years after on set. These abusive delays couple with the defendants ALDOC officials and affilliated groups - Prison Health Service (P.H.S) employees and Mental Health Management (M.H.M) employees, ect act of neglect and or inadequate Medical treatment is believe to be a cause to allow plaintiff death due to the lack of medical treatment by the expected medical treatment by the expected year for a dementia victim [2010].

<u>Conclusion</u>

Plaintiff ask this Honorable Court

Page 29 of 36

## Amended Complaint

to enforce the United States Constitution Article and Amendments affordable (to provide) protection For inmates Convicted of Crimes plaintiff have Come to Know that he is not totally and wholly striped of all Rights affordable to and For Citizens of the United States I am a Citizen of the U.S.A. I am a Moorish- American (M/A). Plaintiff was not Sentence to the death penalty of/or to a mental Health Institution at the time of sentencing. Defendants of the Alabama Department of Correction (A.D.O.C.) officials Staff and defendant's agents ( prison health Services (P.H.S) employee(s) and/or Mental Health Management (M.H.M) employees 'should not' be permitted by law to subject plaintiff to death or to Civil Commitment with out due process of law because plaintiff has filed Complaints (to the Courts) to protect His Civil rights and Human Rights still affordable during this incarceration By- law.

## Relief Sought

Page 30 of 36

**STATE OF ALABAMA**

Department of Corrections
*Inmate Stationery*

## Amended Complant

## Relief Sought

Appointment of Counsel, Trial by Jury, Expunge all disciplinary Found to be wrongfully applied, Officer(s) be required of the Alabama Department of Correction to Read periodically the Rules and/or Regulation at which they are govern by to protect the interest of the State of Alabama and the interest of the inmate(s) by injunction(s). That the Courts place and and all injunction/order on the defendants to have the (A.D.O.C.) officials to sign a legal mail log for any and all of plaintiff incoming and out going legal mail, for this Court to issue a restraining order upon defendants to preserve plain-tiff life 3 18 USC 5003 and Section 30-5-1 ect. seg (Ala. Code 1975) As afforded by the United States Constitution Amendment Fourteen (14) Injunc-tion for excessive and inappro-

# STATE OF ALABAMA
### Department of Corrections
*Inmate Stationery*

## Amended Complaint

priate use of psychotropic drugs with intent to Conspier to Commit Murder Criminal Charges Violation 18 USC 242. Cruel and unusual punishment (6-11-20) Ten million ($10,000,000) dollars, Monetory ($10,000,000) damage Ten Million dollars. Personal Injury Ten million ($10,000,000) dollars. Psychological damages Ten million ($10,000,000) dollars. Deliberate indifference Ten Million ($10,000,000) dollars. Punitive damages Ten Million ($10,000,000) dollars. Pupensitory damages Ten Million ($10,000,000) dollars. Injunctions For denied protective Custody (P.C.) (6-6-500) to (6-6-503). 42 USC 1997 Violation of an institutionize person. Order defendants to expunge the false information From plaintiff prison File/P.S.I. report concerning the allege rape against his wife/ex-wife

Where Fore, the Court con-

N266

## STATE OF ALABAMA
### Department of Corrections
*Inmate Stationery*

## Amended Complaint

sidered this complaint For jury trial and that cost be assessed against the defendants (Cost of Court, Cost of Copies, Cost of postage, eg. al). Injunction to ensure Health Care providers provide a copy of the health Care Service agreement either available in the Institutional law library or health Care Unit For inmate's along with Copies of the American Medical Associa-tion (A.M.A) standards. American Correction Association (ACA) Standards. National Commission on Correctional health Care (N.C. C.H.C) the general terms and conditions are being kept From inmates by Ms. Burks which I have requested From (her) on serveral occation. Not have Vendor (P.H.S) Contract/agree-ment which warranty Inmate health Education, proper pharmacy services D.O.C. training Con-cerning contract monitoring by these (said) defendants/employees

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

## Amended Complaint

of Prison Health Services Inc.
act's Failing to performance of
Affirmative action (Subject to
Law) warranty Breach of Health
~~care~~ R.N.N Code and other(s). For
cause of Terminations Any and
all disciplinaries demonstrated
to show malicious and/or
capricious motives be expunge
From plaintiff prison file along
with any and all reports in-
conjunction with demonstrated
disciplinarys maliciously and
capriciously applied upon plain-
tiff. Any and All other relief
injunction that is deemed by
this Honorable Court, please
apply.

Done this the 23rd day of
October, 2006.

Respectfully Submitted,

*Richard Wayne Wright Jr. Bey*
Richard Wayne Wright Jr. Bey #982140
Ventress Correctional Facility

Page 34 of 36

**STATE OF ALABAMA**

Department of Corrections
*Inmate Stationery*

# Amend Complaint

Dorm 8A / Bed 24-B
Post office Box 767
Clayton, Alabama 36016

## Certificate of Service

This is to Certify that I Richard
Wayne Wright Sr. Bey A.I.S # 187140
Plaintiff, Pro-Se., in the above
encaptioned matter earnestly
ask due to him being indigent
that this Honorable Court send
a copy of this Complaint to
defendant's Counselor(s) a
copy of each exhibit(s) plain-
tiff has sent with (his) initial
Complaint. I further certify
that I have placed (this) in
the United states mail
box after it has partial postage
paid And the remaining portion
of pre paid postage be supplied
by designated prison official
and that this has been pro-
perly addressed to this

**STATE OF ALABAMA**
Department of Corrections
*Inmate Stationery*

Amended Complaint

respected Court on this the
23rd day of October 2006.

Respectfully Submitted,

Richard W. Wright Sr. Bey
Richard Wayne Wright, Sr. Bey #187140
Ventress Correctional Facility
Dorm 8A Bed 24-B
Post Office Box 767
Clayton Alabama 36016