IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR., ) | |
| #187140, ) | |
|   ) | |
| Plaintiff, ) | |
|   ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-863-WKW |
|   ) | [WO] |
|   ) | |
| RICHARD ALLEN, et al., ) | |
|   ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Richard Wayne Wright, Sr. ["Wright"], a state inmate, presents a myriad of disjointed claims against numerous defendants with respect to actions which have occurred since March of 2005. On November 2, 2006, the plaintiff filed a motion for injunction seeking imposition of "an injunction upon defendants ordering them to make available proper postage" beyond the "two (2) stamps per week" provided by correctional officials for his use in filing documents with this court. *Motion of Inquiry and Injunction - Court Doc. No. 15* at 2. The court construes this request as a motion a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure.*

Upon consideration of the motion for preliminary injunction, the court concludes that this motion is due to be denied.

## DISCUSSION

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Wright must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Wright outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Palmer,* 287 F.3d at 1329; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

"[T]he furnishing of two free stamps a week to indigent prisoners is (1) adequate to allow exercise of the right to access to the courts, and (2) adequate to allow a reasonable inmate to conduct reasonable litigation in any court." *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985). Thus, Wright fails to establish a substantial likelihood of success on the merits of the claim on which he seeks injunctive relief. Wright also fails to demonstrate that he will suffer irreparable harm absent issuance of a preliminary injunction or that upon balancing the equities of the parties issuance of an injunction would be in the public interest. Consequently, Wright does not meet each of the prerequisites necessary for issuance of a preliminary injunction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff on November 2, 2006 be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before November 22, 2006 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 9th day of November, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE