2nd Motion To Amend

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT FOR ALABAMA,
### NORTHERN DIVISION

RICHARD WAYNE WRIGHT,SR.BEY,ET.AL.,
      Plaintiff, Pro-Se.,
      A.I.S.#187140,

         -VS-

DEFENDANTS IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITY ARE AS
        FOLLOWING.

\*  \*  \*  \*  \*  \*  \*  \*  \*

CASE CIVIL ACTION NO.
2:06-CV-863-WKW-WO

RECEIVED

2006 NOV 27 A 10: 15

─── P. HACKETT, CL─
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MR. BOB RILEY (GOVERNOR)
GOVERNOR OFFICE
600 DEXTER AVE. RM N-104
MONTGOMERY, ALABAMA 36130

MS. LINDA BROWN
NURSE MANAGER OF HEALTH SERVICES OF A.D.O.C.
ALABAMA DEPARTMENT OF CORRECTION
301 SOUTH UNION STREET
POST OFFICE BOX 301501
MONTGOMERY, ALABAMA 36130

MR. RICHARD ALLEN (PRISON COMMISSIONER)
COMMISSIONER OFFICE
600 DEXTER AVENUE
POST OFFICE BOX 301501
MONTGOMERY, ALABAMA 36130

DR. TAHAR SIDDIQ (M.D.)
MR. STEVE WALKER (CHAPLAIN CORDINATOR)
BULLOCK CORRECTIONAL FACILITY
POST OFFICE BOX 5107
UNION SPRING, ALABAMA 36089

PRISON HEALTH SERVICE, INC.
PRISON HEALTH SERVICE, INSURER
WARDEN J.C.GILES (WARDEN III) (M)
WARDEN DARRELL PARKER (WARDEN II)(M)
CAPTAIN LARRY MONK (COS.II)(M)
LT. MARY TAYLOR (COS.I)(F)
LT. SHARON HOLLAND (COS.I)(F)
LT. EDWARDS (COS.I) (M)
SGT. DOROTHY FLOWERS (CO.II)(F)
SGT. CAMELLA CARGLE (CO.II)(F)
SGT. MICHEAL SMITH (CO.II)(M)
SGT. CAROLYN LONGMIRE (CO.II)(F)
MR. MR. MARK BRUTON (CLASSIFICATION)(M)
MS. R. PITTMAN (CLASSIFICATION)(F)
CHIEF STEWARD LIVINGSTON (F)
OFC. A. PATTERNSON (CO.I)(M)
OFC KENNETH CARGLE (CO.I)(M)
OFC DAVID PULLOM (CO.I)(M)



2nd Motion To Amend

```
OFC. DAVID PULLOM (CO.1)(M)
OFC. LEVY RICHARDSON (CO.1)(M)
OFC. TERRY PERSON (CO.1)(F)
OFC. G. RICHARDSON (CO.1)(F)
OFC. ALEXANDRA (CO.1)(F)
OFC. CAROLYN ABERCROMBIE (CO.1)(F)
OFC. ROOSEVELT BROWN (CO.1)(M)
OFC. SHERWIN CARTER (CO.11)(M)
CHAPLAIN DANIEL (DANNY) RIEBEN(M)
DR. SAMAUL RAYAPATI (M.D.)(M)
DR. BARNS (M.D.)(M)
MS. NETTIE BURKS (H.S.A.)(D.O.N.)(F)
NURSE YOUNG (R.N.)(F)
NURSE C. HUNTER (R.N.) (F)
NURSE A. MARSH (L.P.N.)(F)
         ADDRESS
VENTRESS CORRECTIONAL FACILITY
POST OFFICE BOX 767
CLAYTON ALABAMA 36016
```

## PLAINTIFF  WRIGHT SR. BEY MOTION TO AMEND COMPLAINT

### GROUNDS ONE (1)

### FREEDOM OF RELIGION

### FACTS IN SUPPORT OF GROUND ONE (1)

1). On or about October 8, 2005 captain L. Monk (COS.11) made verbal threats and warnings to stop our meeting period desihnated within this institution Ventress Correctional Facility (V.C.F) for the members of and for the Moorish Science Temple of America (here after referred to as the (M.S.T. OF A)). These said warnings and threats were sent to plaintiff and other's remaining member(s) of the M.S.T.of A because plaintiff and [said] other's are an orginize group/member's which seeks to educate our race of people concerning our religious creed of our ancestral traits. Captain L. Monk was  permitted by Warden D. Parker (Warden 11)) and Warden J.C. Giles (Warden III)) to issue such threats to be passed down by and through inmate Sidney Clayton Bey ((Acting  Grand Sheik of the M.S.T. OF A)) here at Ventress Correctional Facility and inmate Chearles Cunningham,El (Acting Former Chairman/Grand Sheik)

_2nd Motion To Amend_

to the grandbody of the M.S.T. OF A institution's assembly which plaintiff Wright Sr. Bey is an active member of. Plaintiff Wright Sr. Bey continued to face Caplain L. Monk (COS. II) approach (of said threats to stop our meeting here at Ventress (V.C.F.)) during our month of fasting (Ramadan). The first (1st) Amendment has astablish right's afforded to plaintiff regardless of his shade of skin and/or his religious practices.

2). Plaintiff Wright Sr. Bey did not receive any problems, nor opposition from Captain L. Monk (COS. II), Warden D. Parker (Warden II); Chaplain D. Rieben (institutional chaplain); Mr. M. Bruton (Classification specialist Supervisor); Lt. J. Dowling (COS. I) and /or Lt. M. Taylor when [he] joined the universal life church (here after refered to (U.L.C.)) Organization/ releigion.

3). Once plaintiff claimed his free national name Richard Wayne Wright Sr. Bey through and by the astablish organization of the M.S.T.OF A. with and in the support of the United States constitution first (1st) Amendment and no person working for a government agency should be permitted to stop or hinder plaintiff or any other same situated inmate from participating in religious practices of [his] or [their] choosing. Neither should [the] defendant's mention above be permitted to make laws, institutional Rules, Policies imparing the obligation of Law astablish through and by the United States Constitution of plaintiff because [he] is incarcerated and is classified as an African American. Now that plaintiff Wright Sr. bey has proclaimed [his] free national name and affiliated with the sacred body of the Moorish Science Temple of American and other Islamic sects. Plaintiff now faces persecution from chaplain D. Rieben (Institution Chaplain). Lt. M. Taylor (COS.I); Lt. J. Dowling (COS.I); Mr. M Bruton (Classification Specialist Supervisor); Captain L. Monk (COS.II); Warden D. Parker (Warden II) and Warden J.C.Giles (Warden III) supports [said] defendant(s) and allows [said] defendants the priviledges to make institutional laws, rules, or policies

2nd Motion To Amend

which abridge the priviledges, right's and/or immunities of citizens (Plain-
tiff Wright Sr. Bey) and afforded to citizens of the United States. Such
abridgement allow by warden J.C.Giles (Warden III) does deny plaintiff the
equal protection of the law(s) of the United State Constitution of the Four-
teenth (XIV) Amendment 'Guarantee of protection of all citizens'.

4). Plaintiff Wright Sr. Bey is a member of the M.S.T.OFA, and strives
to maintain the principles suggested and taught through and by members of the
Moorish Science Temple which is good for every citizen to seek to maintain
in support of the constitution of the United States. Plaintiff further be-
lieves as obligation in incurred in aid to bounties for services (who have
previously taken an oath, as a member of congress or as an officer of the
United States legislature, or as an executive or judicial officer of any state
to support the constitution of the United States. All acts committed by said
defendants should be questioned 'which' clearly shows this Honorable Court
plaintiff claims as listed in this amended complaint and [his] initial com-
plaint was asn did occurred. Thus far stating defendant's act's obiligations
and claims should be held accountable by [those] officials which impliment them
whether legal or illegal, void or valid.

5). Defendant M. Taylor (COS.I) conspired with captain L. Monk (COSII);
Warden D. Parker (Warden II); Mr. M. Bruton (Classification Specialist Super-
visor); Lt. J. Dowling (COS I) effecting plaintiff freedom of religion practices.
Defendant's did issue a memorandum which did effect the religiour practices
or Plaintiff Wright Sr. Bey and other same situated inmates [See exhibit''s
Two (2) memorandum--dated October 4, 2005 from Warden J.C.Giles (Warden III)],
which were submitted with plaintiff wright Sr. Bey initital complaint. (See
also exhibit one (1) memorandumO. Exhibit one (1) were submitted by plaintiff
Wright Sr. Bey with [his] initial complaint-- dated September 14, 2005 from
chaplain Rieben concerning plans, details and requirements for plaintiff and

any other Islamic Ramadan were to receive double portion meals, plaintiff believes this to be the case because Lt. M. Taylor failed to up hold the memo's instruction durning our 'fasting period', October 2005 thur November 2005. When Sgt.M.Smith and/or Sgt. D.Flowers were to monitor the kitchen (during our gathering) we had less problems.

6). Defendant (Lt.) M.Taylor (COS.1)(2nd shift supervisor) placed temporary restraints on plaintiff Wright Sr. Bey along with other participants in observance of Ramadan. These restraints placed on plaintiff and other Remadan participants frobidding plaintiff Wright Sr. Bey to enter the sandwich line to purchase items were due to [his] religious observance of Ramadan. Defendant (Lt.) M.Taylor wrongfully forbiddance and unfairly interpretation of the (said) memorandum. (See Exihibit's one (1) paragraph four (4)). These controll conditions were specifically designed and impliment by defendant (Lt) M.Taylor against plaintiff Wright Sr. Bey because of the Islaimic observance or Ramadan. Chief Steward Livingston also designed the portion of the evening meal to be given to us which did not consist of the full double portion to plaintiff and other Islamic participants to receive doubel portion meals'. Due to chief Staeward Livingston instructions left for the kitchen Stewards and the kitchen officers and second 2nd shift and 3rd shift and the amount of food given to them for administering [us] double portion was not enough for us all. So plaintiff could not receive the double portion each day (as well). Chief Steward Livingston instruction carried out by the kitchen officers extended to the forbidding inadequate time in the kitchen to eat our food with the space available as mention in the original initial complaint.

7). Chaplain S. Walker has neglected his duty as (Chaplain Coordinator) to address Islamic sects group(s) complaints which chaplain D. Riebens created or failed to correct Lt. M. Taylor (COS.1) instructions.

8). Now that plaintiff Wright Sr. Bey has proclaim his nationality and

free national name due to [this] fact plaintiff has come under great oposi-
tion by Mr. M. Bruton; Captain L.Monk (COS.1); Lt.J.Dowling (COS.1); Chaplain
D.Rieben ; Warden D. Parker. Islamic sect's practices are not rightfully honored
as the Native American Indian(s( and/or the Church (Christain Faith) practices.
Plaintiff Wright Sr. Bey knows first hand when [he] join the universal life
church (UCL) orgainization and plaintiff preference for religious status(as
Holiness0 plaintiff Wright Sr. Bey did not receive any problems, nor opposition
from any of [these] prison officials under the christain identify.

    9). Plaintiff Wright Sr.Bey faces persecution and opposition at the hands
of the [named] defendants as the result's of proclaiming [his] free national
name, practicing [his] right to freedom of Religion and affiliating with the
secred body of the Moorish Science Temple of America and other Islamic Sects.

    10). On or about October 28, 2005 Chaplain interfered with [our] plaintiff
meeting period by acting as an "mufti' of the Moorish Science Temple.  Then on
the following week on or about November 4, 2005 Friday Chaplain Rieben step
into [our] plaintiff's business meeting again, Plaintiff confronted Chaplain
Rieben instantly (that time) to prevent Chaplain Rieben from acting as a mufti
by telling (him)  he was totally out of place. Chaplain Rieben called the in-
stitutional (prison0 Security team. Officer G. Richardson was the first prison
official to arrive and (she) escorted plaintiff outside the chapel. Shortly
after Sgt. M.Smith, Warden J.C.Giles (Warden 111), Officer Ward (CO.1) and
officer Castell responded to the called also. After plaintiff discussed [the]
matter with officer G. Richardson, Sgt. M.Smith escorted plaintiff Wright
Sr. Bey to the shift office and it was discovered (plaintiff Wright had not
done any Wrong) after discussing the matter again with Sgt. M.Smith [See
Exhibit Three (3) external memorandum to chaplain Rieben and Warden J.C.
Giles (Warden 111) of Ventress Correctional Facility (V.C.F.). At the shift
office plaintiff ask Sgt. M. Smith Would (he) tell Warden Giles I would like

to be put in segregation (seg.)protective custody (P.C.). Sgt. M.Smith instructed

plaintiff to set on the bench out side the shift office until [he] talk with

Warden J.C. Giles on the telephone. Sgt.M.Smith informed plaintiff of warden

J.C.Giles rejecting plaintff request to be placed in protective custody (here-

after referred to as (P.C.)) and directed plaintiff to go back to the dorm [I]

were assigned too. Warden J.C. Giles is well aware of the circumstances of

the religious and racials interferance [they] are causing plaintiff. Defendants

has shown great prejudice towards plaintff religious beliefs as described.

This was part of chief Steward Livingston punishment by reducing plaintff

serving size's, give approximately five(5) minutes to eat cold food because of

observance of Ramadan. (See back of exhibit thirteen (13)).

11). Chaplain D. Rieben, defendant M.Bruton and captain Monk collectively

harm plaintiff through their irrational hatred of a plaintiff shade of skin

and religious practices. (See exhibit twenty-three (23)). An example of de-

fendant captain Monk statement "Richard if ordering from P.M.O.D money. Get

the order from resday (?)) & an envirlope  resday (?)). Put the order form a

request to me for the material & one to captain fro the money off books. I

approve my request & send to captain Monk who approve money off & he sends it

to the business office who envirlopes a check & put letter in mail". Defendant

(Captain) MOnk has decided that I get no more religious material from Moorish

Science of America, Inc. (See Exhibit twenty-four (24) -- inmate request slip

captain denying my request -- dated 10 may 2006).

12). Chaplain Rieben took plaintiff religious badge (principle badge)

after captain Monk approved plaintiff request, chaplain Rieben placed the

blame of Sgt. C Cargle (CO.II) (F), which had really nothing to do with the

confiscated religious material is to blame. (See Exhibit Twenty-five (25)

Inmate request slip (Which captain Monk has on several occation decided to

re-write plaintiff request slips (is beyond me) and exchange the wording

2nd Motion To Amend

plaintiff used to [his] desired form of wording)and can best be explain 'plainly' to this Honorable Court twenty-six (26) plaintiff ask this Honorable Court please excuse the 1st letter -- dated August 3, 2006 because chaplain Rieben spilled 'something' on exhibit twenty-six (26) plaintiff ask this Honorable Court please excuse the stain on said exhibit. Plaintiff did rewrite the 1st letter--dated August 10, 2006 dated as 2nd notice and chaplain rieben wrote--"Received 8-11-06 (in blue ink) and see back of page two (2) (in red ink) which his written response was stated as I written earlier; and (See Exhibit Twenty-Eight (28)) plaintiff Wright Sr. Bey re-written letter which was submitted to chaplain Rieben dated August 3, 2006. Three (3) pages.

13). Captain Monk decided again to re-write plaintiff original words into his words as following [See section briefly outline your request]--How to donate maoney/procedure?". Captain reply,"you need to talk with Chaplain Rieben and get the procedure straight from him. He can explain it best Mr. M. Larry Monk (COS.11). (See Exhibit Twenty-nine (29)--Inmate Request Slip re-written by captain Monk). Plaintiff wrote chaplain I had the principle badge prior approve yet after wards [I] was given the Islam crest's pin(s) in its place. I would like my principle badge I order! Your response is requested: chaplain reply--he wrote at the top of the request slip P.S. for as I know everything you order you receive or every..(See also the place for reply). Richard I know nothing about this I did not do any thing except approved & send mail to you through the mail room-- send some one to explain what you are saying. If shift took your stuff. I will ask about it but that is between you & them chaplain Rieben. Lt. Taylor and chaplain Rieven conspired to put Sgt. C. Cargle in the midst of [thier] games they played on plaintiff to take [his] religious material. Lt Taylor should not be excluded or discounted (as considered taking plaintiff pin(s) because [she] took plaintiff legal clamps at will. Chaplain knew/knows perfectly well from our prior conversation about

_2nd Motion To Amend_

the principle badge and what [he] told me about being patience plaintiff
waited all that time and discovered Chaplain Rieben and LT. Taylor arrange-
ment to avoid given plaintiff Wright Sr. Bey (his religious material. Chaptain
Monk has refuse to allow plaintiff to order any more religious material be-
cause of plaintiff complaints (any more). (See Exhibit four (4); (4)(a) and
(4)(b) also exhibit twenty-four (24) and Twenty-five (25)).

14). Plaintiff Wright Sr. Bey written chaplain Rieben an informal request
slip stating the following: Dear Chaplain Rieben 1 ask you about my 8th of
April 2006. As you came into open  the chapel for Jeho-witness Service 1
have not heard from you concerning those pins the mail clerk sent me notice's
for neither have I heard from Warden Parker or Captain Monk. 1 await your re-
sponse (See Exhibit Thirty-one (31))--on the reverse side is chaplain Rieben
Response. Chaplain sent plaintiff this  when [he] was in the infirmary as
indicated--Richard Wright  Inf. # 103. Chaplain wrote "1 did not know about
this until you said something saturday the mail room in not open Sun & Mon
amatt (?)). Tuesday 1 tried, 1 was tied up with Islamic Service when I wanted
to do this you need to learn patience. 1 have not had ample apportunity
since Saturday Danny Rieben (See Exhibit Thirty -one (31)). 1 did order
the pins through and/by Chaplain Rieben and Captain Monk approval to authorize
money off my prison account the invoice shows this (See Exhibit Thirty-two
(32)).

15). Those who participated in Ramadan know as well of the problems and
difficulty from Lt. M Taylor and on 2nd shift in the Kitchen and getting to
and from chapel during the month or Ramadan.Some or these inmates receive
disciplinaries also do to our association and affiliation in religious fellow-
ship. (See Exhibit Thirty-three (33)). Memorandum--participants participating
in ramadan we did not violate any institutional rules or laws of this state
we all peacefully assembled. Plaintiff wrothe Captain Monk about the mail

_2nd Motion To Amend_

a   clerk and persons appointed to handle inmates request slip dated 6 July 2006).

Plaintiff Wright Sr. Bey should be afforde (as all inmates are) at other prison

the fredom to practice [his] religious belief regardless of his race and/or

creed.

## GROUNDS 11

### Cruel And Unusual Punishment And Assault

### And Battery In Retaliation

### ISSUES IN SUPPORT OF GROUND'S 11

As a result of plaintiff wright Sr. Bey filing cases Richard Wayne Wright

Sr. Bey filing case Richard Wayne Wright Sr. -VS- James Deloach et. al case

No. (99-D-1405-N); And Richard Wayne Wright Sr.-VS- Sylvester Nettles, et. al.

case no. (2:05-CV-439-A-WO) as a part of defendant J. Dowling and his assistants

Sgt. S. Carter (CO.11) and Sgt. C Longmire (Co.11) designed to inflict further

punishment and coercion through intimidation. Defendant stated above allowed

five (5) disciplinaries infractions to be wrongfully and maliciously apllied

here at ventress (V.C.F.) which is as following:

> (1). Rule No  Sixty-two (62) Intentionally creating a security,
> safety and health hazard.
>
> (2). Rule No. Fifty-Six (#56) failing to obey a direct order of
> A.D.O.C. official
>
> (3) Rule No fifty-three (#53) Inciting to Riot or Rioting
>
> (4). Rule No Twenty-nine (#29) Assault on person(s) associated
> with ALDOC.
>
> (5). Rule No. Sixty-two (#62) Intentional  Creating a Security,
> Safety and Health Hazard.

Plaintiff Wright Sr. Bey wrote Captain Monk also about the assault execruted

upon plaintiff Wright Sr. Bey on November 23, 2005 (See Exhibit Thrity-Five

2nd Motion To Amend

(35)).

17), On November 23, 2005 to stop and prevent plaintiff litigation process
plaintiff Wright Sr. Bey was assaulted by Sgt. S Carter and ofc. R. Brown in
Ten (10) dorm lobby, Officer L. Richardson placed hand cuffs on plaintiff after
Sgt. S. Carter initiated the physical assault and officer L. Richardson stood
back and watch Sgt. S carter and officer R. Brown beat plaintiff. Plaintiff
Wright Sr. Bey Sent a Written affidavit and mailed it to Warden J.C.Giles and
Mr. Richard Allen prison commissioner concerning being put in protective custody
but denied that a Well. See Exhibit Sixty (60) and Sixty-one (61), three (3)
pages dated 12 July, 2006. Due to plaintiff filing a §1983 complaint in 1999
in pursuit of protecting plaintiff civil right [he] has faced retaliation which
grows ever so greater now. See Exhibit sixty-two (62)-- letter concernng the
false information inserted from and in the probation/parole officer report.
Plaintiff found out throught the classification specialist at Draper (D.C.F.)
Plaintiff was accuse,but plaintiff never had any charges concerning plaintiff
raping [his] wife as parole and probation officer Stated in F.B.I. report
(SeeExhibit Sixty-three (63) F.B.I. report.

18))Plaintiff Wright Sr. Bey was punish by being placed in segregation in
March 2006, accused of violating a safety, security and health hazard. Plian-
tiff food were tamper with to create paronia and plaintiff execessive weight
lost which warden J.C.Giles (Warden 111);Warden Giles assistant warden D. Parker
(Warden 11). Captain L. Monk (COS.11) done nothing to prevent it. The officer
whom partaken in the assault plaintif suffered at the hands of Sgt. Carter
and officer R. Brown but did not. Corrective measure should be taken against
said officers Sgt. C. Longmire, Sgt. S. Carter, officer R. Brown and officer
L. Richardson (See Exhibit sixteen (16)--Inmate Richard Wayne Wright Sr. Time
sheet) also (See Exhibit Sixty-three (63) F.B.I. report).

19)After plaintiff were permitted same defendants were permitted to serve [me]

food on several occasion while plaintiff was wrongfully held in (seg.)  this
did create paronoia upon and with in plaintiff body for [their] sole purpose
to show plaintiff [they] can, would and do exercise [their] power wrongfully
and abusively at will. Plaintiff wright Sr. Bey is convince with out this
Honorable court intervention to prevent defendants from harming plaintiff
Wright Sr.Bey any further it's very likely  that [they] will do so.  Plain-
tiff should be afforded ( as all inmates are) at other prisons the freedom to
practice [his] religious belief regardless of his race and/or creed.

GROUND III

LACK OF HEALTH CARE TREATMENT

Issue In Support Of Grounds III

Ms. Linda Brown has been written on several occation and sent copies of
complaints that plaintiff sent Ms. N. Burk concerning Ms. Burks willingness
to direct Nurse young, Nurse C. Hunter, Nurse A. March to "take' away medica-
tion plaintiff has been given/prescribe by Dr. Rayapati(M.D.). Even after Dr.
Barns (M.D.) replace Br. Rayapati (M.D.) position at ventress (V.C.F.) Ms.
N.Burks has instructed on several occations Nurse C Hunter, Nurse A. Marsh
and Nurse Young to forbid plaintiff medication while plaintiff was put in (seg)
by Lt. J. Dowling. On several occation during plaintiff stay in (seg) [he] talk
with Sgt. c. Longmire, Sgt. C. Cargle, Sgt. M. Smith  and Sgt. Gordon tring to
get proper medical treatment. Plaintiff was forbidden treatment due to Ms. N.
Burks instruction of not allowing plaintiff to go to treatment call.Lt. S
Holland even in [her] position refuse to make the arrange due to Ms. N. Burks
instruction of not allowing plaintiff to go to treatment call. Lt. S Holland
even in [her] position refuse to make the arrange due to Ms. N. Burks instruc-
tions. Lt. Taylor refuse to address plaintiff Wright Sr. Bey complaint (medical)
leaving the burdenon Sgt. C. Cargle and Sgt. M. Smith. When the health care unit

2nd Motion To Amend

was properly informed and plaintiff was unit was properly informed and plain-
tiff was fimally excorted by Ofc.D.Pullom and Ofc.K.Cargle on one (1) occation
to the infirmary (P.H.S.) staff members intentionally and deliberately ne-
glected to properly treat plaintiff back injuries, head aches, joints problems
vision difficulties, ect. Nurse N. Burks have allowed Nurse A.Marsh to alter
doctor orders and sent plaintiff alterated medication in seg.

22). Due to plaintif past harrassment [he] faced from Lt. S. Holland
(COS.1) when plaintiff did contact Lt. S.Holland were out [on said jury duty]
plaintiff did receive limited medical attention when Sgt. Gordon talk with Ms.
N. Burks. Two other occation plaintiff talk with Sgt. Gordon about lack of
medical treatment Sgt. Gordon informed plaintiff [he] would relay the complaint
to Warden D. Parker (Warden 111) concerning Ms. N. Burks (H.S.A) (D.O.N) ne-
glection of providing plaintiff with porper medical care, but the complaint
was never corrected or addressed. The limited treatment plaintiff received by
nurse Oden (R.N.)was designed and instructed by Nurse N. Burks (H.S.A.)(D.O.N)
ON HOW TO TREAT PLAINTIFF medically. (See Exhibit twelve (12) and Thirteen(13)).

23). Nurse N. Burks (H.S.A.)(D.O.N) ability to function in both capacities
has contributed to her ability to conspirt with Dr. Rayapati (M.D.) to conceal
medical records and minimize plaintiff injuries to [his] back,ect., which
occurred on November 23, 2005 and prior to arriving at Ventress (V.C.F.).
After the supervisory staff (here at ventress (V.C.F.)) Warden J.C. Giles,
Warden D. Parker and Captain Monk were properly informed of plaintiff diffi-
culties getting treatment and remaining sage from further harm at the hands of
the prison officials mention in grounds' two (11). Captaim Monk has mede ith very
deffecult to distinguish if Lt. M Taylor or Sgt.S. Carter , Sgt. C.Cargle, Sgt.
C. Longmire or Lt. S. Holland are the proper prison officials designed to
handle such complaint collectively the Health Care Staff (P.H.S.) employees
conspired either the prison officals (to substain their jobs) in order to cause

2nd Motion To Amend

plaintiff pain and intimidate [him] by and through seg. which Lt. J.Dowling
instructed Nurse. N.Burks and Nurse A. Marsh to give plaintiff medication
[he]was and is allergic to aplison T.B skin test solution to justify writing
plaintiff Wright Sr. Bey another disciplainary on or about March 24, 2006;
Warden J.C.GILES ; Warden D. Parker, Captain L.Monk, Sgt. D. Flowers,officer
T Person (all) approved  or Lt. J.Dowling design to impliment the disciplinaries
upon plaintiff.

24). Plaintiff Wright Sr. Bey never received any direct response from
Mr. Bob Riley, Ms.Linda Brown or Mr. Richard Allen.  Plaintiff wrote again
Mr. R. Allen and Mr. (Warden) J.C.Giles/designees through and by certified
mail, but (neither) never responded to the complaint. Plaintiff has been inten-
tionally placed around inmates with sickness [he] can contract by coming in
Physical contact with in segregation exercise yard, health care appointment,ect.
It is evident if plaintiff Wright was not placed in the "class'' of "black'
he would not be expose to this type of treatment if [he] was or the exceptable
White' race. This stigme couple with plaintiff past filed law suits plaintiff
has filed.

25). defendants would like to force plaintiff to take I.N.H. AND Hepatitis
'B' Vaccine. When plaitiff refuse to take the Hepatitis 'B' Vaccine defendants
s. Carter and J.Dowling ingage in acts to intimidate plaintiff on November 21,
2005. April 2005, and March 2006. Lt. Dowling order plaintiff wright be placed
in seg. after alleging (with  Ms. N. Burks support) plaintiff Wright Sr. Bey
has never had an allergic reaction after taking Aplisol [T.B. skin test] ex-
cexxively. Lt. J. Dowling has went so far as to refer plaintiff to a pig. Plain-
tiff only understanding of defendant (Lt.) J.Dowling classifing [him] as a pig,
is that of a guinea pig. Plaintiff must be protected by this Honorable Court
to prevent further medical and pharmaceatical testing for experimental or re-
search purpose unknowingly or knowingly. November 21, 2005,was the first time

2nd Motion To Amend

plaintiff Wright Bey realized what these prison officials motives were when
the attempted to expose plaintiff wright Bey to participate (with other inmates)
in medical and/or pharmaceutical (1.N.H.Drugs0(Hepatitis 'B' Vaccine) testing
for experimental purpose of research study at Ventress Correctional Facility
(V.C.F). Plaintiff Wright Sr. Bey was faced by Lt. J. Dowling (COS.1) and Sgt.
S. Carter (CO.11) with [the] threats of an assault on(November 21, 2005)When
Lt.J. Dowling order me and inmate Sidney Clayton Bey to stand against the wall
until they get the other inmates out the building. Due to other inmates besides
us rejection of the same pharmaceutical testing, the same day (November 21, 2005)
it save plaintiff and inmate Clayton Bey from being assaulted by Lt. J.Dowling
and Sgt. S. Carter. (See Grounds Two (11) and plaintiff initial complaint).

26). Plaintiff Wright Sr. bey was sent to Bullock County Hospital in Union
Spring where in Dr. T. Siddiq await and minimized plaintiff back, legs, face in-
juries. Officer A. patternson force plainitff into and out of the transporting
(with aggressive demands) vehicle causing further injury and pain on plaintiff.
Lt. S.Holland did not make plaintiff pain and suffering any lighter and refuse
to allow plaintiff into the Health Care treatment section (per orders passed
down by Ms. N. Burks (H.S.A) and (D.O.N.)). Plaintiff was further forbidden
to participate in treatment call. These particular act's were displayed and stop
and hindered plaintiff ability to properly respond to the Court's order to
answer defendants response to plaintiff claims in case Richard Wayne Wright,
Sr. -VS- Sylvester Nettles, et. al., Case Action No. 2:05_CV-439-WO.

27). Warden J.C.GLles, Warden D. Parker and Captain Monk supported Mr. M.
Bruton and Ms. R. Pittman (attempting) to raise plaintiff custody to level five
(V) and transfer plaintiff to a prison where inmates are easier persuaded to
take bribes to kill plaintiff (See Exhibit Eighteen (18) Section titled reason).
Plaintiff inform Warden J.C.Giles, Warden D. Parker, Captain Monk and Mr.
Richard Allen while here at ventress (V.C.F) to ask them to ensure [his]

safety, but [they] will not. (See Exhibit twenty-one (21) copy of certified
receipt csrds served upon defendant J.C.Giles and/or designee and defendant
Mr. R.Allen defendants intended to conceal these  incidents/assault (on Novem-
ber 23, 2005) because of plaintiff color of skin and class he has been placed
in. (See also Exhibit fifteen (15)).

   28). Plaintiff wright St. bey remains in distress due to defendants N.
Burks and associated defendants acts of blood test (request results to be
relayed to plaintiff) but, defendant failed inform plaintiff of the said
blood test results and x-rays. Prison Health Services (P.H.S) employee's
and mental Health Management (M.H.M) Employee's failed to perform the needed
test plaintiff needs medically and analyze plaintiff physical and mental
defecences and/or as with  Dementia. Defendants perdicted symptoms  plaintiff
now suffers and that worries plaintiff. According to an education post,
Alabama currently ahs 52, 800 dementia victims and will have almost 70,000
victims by the year 2010. Such post education information states the life
expectancy for a dementia victim is six (6) to eight (8)  years after on set.
These abusive delays couple with the defendants (ALDOC Officials) and affi-
liated groups—Prison Health Service (P.H.S.) employees and Mental Health
Management (M.H.M.) employees, ect. Acts of neglect and/or inadequate
medical treatment is believe to be a cause to allow plaintiff death due to
the lack of medical treatment by the expected year for a dementia victim
[2010].

                              GROUNDS 1V

             RETALIATION Effecting Plaintiff Access To Court

   29). Ms. Ross  (account clerk ) is being used to keep plaintiff from
timely legal document which require records of plaintiff prison account for
forma pauperis (See also initial complaint and in the/with the initial com-
plaint.

                        PAGE 16 OF 24

2nd Motion To Amend

30). As a result of plaintiff Wright Sr. Bey filing case <u>Richard Wayne</u>
<u>Wright Sr. Bey -VS- James Deloach,et.al.</u>, Case No. (99-D-1405-N); and
<u>Richard Wayne Wright Sr. -VS- Sylvester Nettles, et.al.</u>, Case No (2:05-CV-
439-A-WO). As a part of defendant J. Dowling and his assistants Sgt.S.Carter
(CO.ll) and Sgt. C.Longmire (CO.ll) designed to inflict further punishment and
coercion through intimidation. Defendant stated aBove allowed five (5) disci-
plinaries infraction to be wrongfully and maliciously applied here at Ventress
(V.C.F.) which is as following;

    (1). Rule No. Sixty-two (#62) Intenionally Creating a Security,
      Safety and Health Hazard.

    (2). Rule No. fifty-six (#56) failing to obey a direct order of A.D.O.C.
      Officials.

    (3). Rule No. fifty-three (#53) Inciting to riot of rioting

    (4) Rule No. twenty-nine (#29)  Assault On Person(s) Associated with
      A.D.O.C

    (5) Rule No. Sixty-two (#62) Intentionally Creating a Security Safety
      and Health Hazard.

These disciplainaries are and were design in retaliation of said cases
also <u>Richard Wayne Wright Sr. -VS- James Deloach,et.al. Case No. (99-D-1405-N)</u>
<u>Richard Wayne Wright Sr. -VS- Sylvester Nettles,et.al Case No. (2:05-CV-439-</u>
<u>A-WO)</u> <u>Richard wayne Wright Sr. -VS- Department of Correction Classification</u>
Civil Action No. (99-D-338-N) dismissed without prejudice Case No. 99-D-1405-N.
Was dismissed after an evidentary hearing which were scheduled for October
2001 and plaintiff Wright Sr. Bey was induce with essessive and servere psy-
chotropic medication to stop and prevent plaintiff litigation process defen-
dents acomplish [their] mission at that time (as plaintiff Wright mention in-
itial complaint). Officer Brenda Austin at Bullock (B.C.F)  Wrongfully accuse
plaintiff of violating institutional rule no. Thirty-Eight (#38) Indecent

*2nd Motion To Amend*

exposure/exhibition which was meant to cause plaintiff was meant to cause plaintiff oppertunity to be celected for parole (throught and by retaliation). Plaintiff did file case <u>Richard Wayne Wright Sr.-VS-State of Alabama</u> (Appeal from bullock Circuit Court CCV-04-12.60) Appeal No. CR-03-0931 filed in 2004. Plaintiff secondly filed <u>Richard Wayne Wright Sr.-VS-Gwendolyn Babers et.al.,</u> Case Action No. CV-05-618-TMH. Plaintiff faced attack by inmate Walton Solomon and inmate Samual Jones as mention in plaintiff initial complaint. Sgt. Micheal Strickland punish plaintiff on or about June 2002. When plainitff bang on the plexiglas in the dorm (19) to avoid confrontation with inmate Galaway. Two (2) months later on or about August 15, 2002 Sgt. M. Strickland physically attack plaintiff in the infirmary lobby filled with other inmates when plaintiff refuse to take psychotropic drugs. (See Exhibit Sixty-four (#64); Exihibit Sixty-Five (#65) and exhibit Sixty-Six (#66).

### CONCLUSION

Plaintiff ask this Honorable  Court  to enforce the United States constitution Article and Amendments affordable (to provide) protection for inmates convicted of crimes plaintiff have come to know that he is not totally and wholly striped of all rights  affordable to and for citizens of the United States I am a citizen of the U.S.A. I am a Moorish-American (M/A). Plaintiff was not sentence to the death penalty of/or to a mental Health Institution at [the] time of sentencing. Defendants of the Alabama Department of Correction (A.D.O.C.) officials Staff and defendant's agents (Prison health Services (P.H.S.) employee(s) and/or Mental Health Management (M.H.M.) employees 'should not' be permitted by law to subject plaintiff to death or to civil commitment with out due process of law because plaintiff has filed complaints (to the Courts0 to protect His civil rights and Human rights still affordable to him during [his] incarceration by=law's

2nd Motion To Amend

## Relief Sought

Appointment of Counsel. Trial by Jury. Expunge all disciplinary Found to be wrongfully applied. Officer(s) be require of the Alabama Department of Correction to Read periodically the Rules and/or Regulation which they are govern by to protect the interest of the State of Alabama and the interest of the inmate(s) by injunction(s). That the Courts place any and all injunction/order on the defendants to have the (A.D.O.C.) officials to sign a legal mail log for and and all of plaintiff incoming and out going legal mail. For this Court to issue a restraining order upon defendants to preserve plaintiff life 18 USC 5003 and Section 30-5-1 ect. seq. (Ala Code 1975). As afforded by the United States Constitution Amendment's Fourteen (14) Injunction For excessive and inappropriate use of psychotropic drugs with intent to Conspirer to Commit murder. Criminal Charges Viola-

Page 19 of 24

## 2nd Motion To Amend

18 USC 242, Cruel and unusual punishment (6-11-20) Ten Million ($10,000,000) dollars, Montary ($10,000,000) damage Tem Million dollars, Personal Injury Ten Million ($10,000,000) dollars. Psychological damages Ten Million $ ($10,000,000) dollars, Deliberate indifference Ten Million ($10,000,000) dollars. Injunctions For denying protective Custody (P.C.) L6-6-500) to L6-6-503). (42 USC 1997) Violation of an institutionalize (R.W.W) person, Order defendants to expunge the False information From Plaintiff prison File (P,S,I) report Concerning the allege rape against his wife/ ex wife.

Where Fore, the Court Consider this Complaint For jury trial and that Cost be assessed against the defendants (Cost of Court, Cost of Copies, Cost of postage, eg, al.) Injunction to ensure Health Care providers, provide a Copy of the health Care Service agreement either available in the institutional law library or health Care Unit For

## 2nd Motion To Amend

inmates along with Copies of the American Medical Association (A. M.A.) standards, American Correction Association (A.C.A.) standards, National Commission on Correctional Health Care (N.C.C.H.C.) the general terms and condition are being Kept From inmates by Ms. Burks which I have requested From (her) on several occation. Nor have Vendor (P.H.S.) Contract/agreement which warranty Inmates Health Education proper pharmacy service D.O.C. training Concerning Contract monitoring by these (3aid) defendants/employees of prison Health services Inc. act's Failing to performance of Affirmative action (subject to Law) warranty Breach of Health Codes and other(s). For Cause Of Terminations Any and all discipinies demonstrated to show malicious and/or Capricious motives be expunge From plaintiff prison file along with any and all reports in conjunction with demonstrated

2nd Motion To Amend

disciplinaries maliciously and capriciously applied upon plaintiff. Any and All other relief injunctions that is deemed by this Honorable Court please applied.

Done this the 20th Day of November, 2006.

Respectfully Submitted,

Richard W. Wright Sr. Bey

Richard Wayne Wright Sr. Bey #187140
Ventress Correctional Facility
Dorm 6A Bed #9
Post Office Box 767
Clayton, Alabama 36016

Page 22 of 24

*2nd Motion To Amend*

## CERTIFICATE OF SERVICES

This is to certify that I Richard Wayne Wright,Sr.Bey Pro-Se., am the petitioner in the above encamptioned motion/Amended Complaint/Petition and certify I have sent a copy of the petition to the Clerk to the Court and earnestly ask due to plaintiff indigent statue that this Honorable Court and/or Clerk forward copy of this said Motion/Amended Complaint/petition to Respondents or Respondent's Counsel(s) which address are as following:

        Mr. Bob Riley (Governor)
        Governor Office
        600 Dexter Ave. RM N-104
        Montgomery, Alabama 36130

        Ms. Linda Brown
        Nurse Manager Of Health Services of A.D.O.C.
        Alabama Department of Correction
        301 South Union Street
        Post Office Box 301501
        Montgomery, Alabama 36130

        Mr. Richard Allen (Prison Commissioner)
        Commissioner Office
        600 Dexter Avenue
        Post Office Box 301501
        Montgomery, Alabama 36130

        Dr. Tahar Siddiq (M.D.)
        Mr. Steve Walker (Chaplain Cordinator)
        Bullock Correctional Facility
        Post Office Box 5107
        Union Spring, Alabama 36089

        Prison Health Service, Inc.
        Prison Health Service, Insurer
        Warden J.C Giles (Warden III)
        Ventress Correction Facility
        Post Office Box 767
        Clayton, Alabama 36089

I further Certify that I have placed [this] in the United States mail Box it has partial postage paid and the remaining portion of prepaid postage be supplied by designated prison official and that this has been properly address to this respected court on this the 20th Day of November ,2006.

                                Respectfully Submitted,

2nd Motion To Amend

*Rich W Wright du Bey*
RICHARD WAYNE WRIGHT SR. BEY#187140
VENTRESS CORRECTION FACILITY
DORM 6A BED 9
POST OFFICE BOX 767
CLAYTON, ALABAMA 36089

STATE OF ALABAMA)
COUNTY OF BARBOUR)

NOTARY STATEMENT

SUBSCRIBED AND CONFIRMS TO BEFORE ME THIS 20th DAY OF November, 2006.

_____    _____
Affiant                        Notary Public

My Commission Expires August 18, 2007.
_____
MY COMMISSION EXPIRE DATE