IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD WAYNE WRIGHT, SR. ) | |
| AIS #187140, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-863-WKW |
| ) | |
| RICHARD ALLEN, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the court is Plaintiff's Motion for Temporary/Emergency Injunction for a Restraining Order Implimented [sic] by this Court upon Alabama Department of Corrections Named Officials (Doc. # 77). The court construes the motion as a motion for a temporary restraining order and preliminary injunction. For the reasons discussed below, the motion for a temporary restraining order will be DENIED, and the motion for preliminary judgment will be referred back to the Magistrate Judge.

A temporary restraining order may be granted without notice if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant[] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). A temporary restraining order has the same four elements as a preliminary injunction, and the movant bears the burden of demonstrating that they are

present.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).[1]

Plaintiff has not demonstrated, or even argued, that he has a substantial likelihood of success on the merits.  Plaintiff also has not demonstrated that a temporary restraining order is necessary to prevent irreparable injury.  The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting *Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)).  Here, Plaintiff makes conclusory claims of ongoing retaliatory threats, but he does not allege any concrete facts that would support a finding of actual or imminent danger of irreparable injury.

Accordingly, it is ORDERED that Plaintiff's motion for a temporary restraining order (Doc. # 76) is DENIED.

This case is hereby REFERRED back to the Magistrate Judge for further proceedings and a recommendation on Plaintiff's motion for preliminary injunction.

DONE this 27th day of August, 2008.

    /s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[1] These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that its own injury would outweigh the injury to the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999).