IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE WRIGHT, SR., #187140, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:06-CV-863-WKW [WO] |
| | ) ) | |
| RICHARD ALLEN, et al., | ) ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Richard Wayne Wright, Sr. ["Wright"], a state inmate and frequent litigant in this court, presents a myriad of disjointed claims against numerous defendants with respect to actions which occurred since March of 2005 during his confinement at the Bullock County Correctional Facility and the Ventress Correctional Facility. On August 27, 2008, the plaintiff filed a motion for emergency injunction seeking "a protection order against the agents of the Department of Corrections ... whom have join in with mental health service to [threaten], intimidate, coerce him into fear [while incarcerated at the Elmore Correctional Facility] so that" he will cease to address alleged violations of his constitutional rights. *Court Doc. No. 77* at 1-2. The court construed this request as a motion a motion for preliminary injunction under Rule 65, *Federal Rules of Civil Procedure*, and required a response from the defendants. *Order of August 28, 2008 - Court Doc. No. 79*.

Upon consideration of the motion for preliminary injunction and the response to such motion filed by the correctional defendants, the court concludes that this motion is due to be

denied.

## I.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Wright demonstrates the following:  (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of the injunction; (3) the threatened injury to Wright outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would be in the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of

2

irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II.  DISCUSSION

### A.  Arguments of the Parties

In the present motion for preliminary injunction, Wright alleges that correctional officials at the Elmore Correctional Facility conspired against him, threatened him, refused to allow him to sexually relieve himself and undertook adverse actions against him, i.e., disciplinary sanctions, exposure to radiation, treatment for Hepatitis B, in an effort to impact his legal actions.  The correctional defendants filed a response to this motion, supported by relevant evidentiary materials, in which they adamantly deny Wright's allegations.  In so doing, the correctional defendants maintain that (i) correctional officials at the Elmore Correctional Facility had no personal knowledge of Wright's litigation history, (ii) neither these officials nor any other correctional officials have taken any action against Wright in retaliation for his legal filings, (iii) the disciplinary actions initiated against Wright at the Elmore Correctional Facility occurred solely due to his violation of institutional rules, (iv) no one has engaged in a conspiracy against Wright, (v) Elmore correctional officials have no knowledge of Wright being exposed to radiation, Hepatitis B or treatments for this condition, (vi) correctional officials at the Elmore Correctional Facility acted appropriately in addressing Wright's claim of having an enemy in the institution, and (vii) Wright suffers from mental health issues which cause paranoia thereby resulting in baseless claims such as those contained in the present motion.  *Correctional Defendants' Response - Court Doc. No. 81* at 3-5.

### B.  Prerequisites for Requested Relief

3

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Wright has proven a substantial likelihood of success on the merits. Having reviewed Wright's request for preliminary injunctive relief and all relevant evidentiary materials filed by the parties, the court concludes that Wright has failed to meet his burden as to this prerequisite. At this stage of the proceedings, Wright simply has not established a ***substantial likelihood*** of success on the merits.

Wright also fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants because issuance of the requested injunction would have an unduly adverse affect on both the ability of prison medical/mental health care providers to exercise their professional judgment in determining the appropriate course of treatment for Wright and the ability of correctional officials to address Wright's non-compliant behavior during his incarceration. Finally, the public interest element of the equation is a neutral factor at this juncture. Thus, Wright has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction filed by the plaintiff on August 27, 2008 (Court Doc. No. 77) be DENIED.

It is further

4

ORDERED that on or before September 29, 2008 the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 15th day of September, 2008.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE